IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NICHOLAS PAZ | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| RENEE CARDWELL HUGHES, et al. | : | NO. 15-1846 |

**M E M O R A N D U M**

**RESTREPO, J.**                                                       MAY       , 2015

     Plaintiff, a prisoner, has filed a pro se 42 U.S.C. § 1983 civil rights lawsuit against a Judge of the Philadelphia Court of Common Pleas and a Deputy Defender at the Defender Association of Philadelphia. He is alleging that the defendants denied him access to the court.

     For the following reasons, plaintiff's claims will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

     Plaintiff is alleging, in essence, that the defendants denied him access to the court because they failed to provide him with copies of state legal materials and legal assistance to prepare a petition for post-conviction collateral relief, which they are not required to do. In his prayer for relief, plaintiff is asking this court to toll the statute of limitations for him to file his petition and to provide him with access to assistance and/or materials to file a petition to attack his conviction collaterally. This Court does not have the authority to provide plaintiff with the relief that he is seeking in this action.

     A district court should generally provide a pro se plaintiff with leave to amend unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114

(3d Cir. 2002). Here, plaintiff will not be given leave to amend because amendment would be futile, as he cannot cure the above deficiencies in his complaint.