IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| **NICHOLAS PAZ,** | : | CIVIL ACTION |
| *Plaintiff*, | : | |
| v. | : | |
| | : | |
| **RENEE CARDWELL HUGHES, et al.,** | : | NO. 15-1846 |
| *Defendants*. | : | |
| | : | |

## M E M O R A N D U M

PRATTER, J.                                                                                                                    OCTOBER 25, 2016

Nicholas Paz filed a *pro se* Amended Complaint, claiming violations of the First, Fifth and Fourteenth Amendments by four Federal Bureau of Prisons employees, to wit, Lance Cole, Susan Walters, Harry Lapin[1] and Charles Samuels (collectively, "BOP Defendants"), for allegedly failing to provide him with access to Pennsylvania state legal materials while he was incarcerated in federal prisons.[2] BOP Defendants argue that dismissal is proper because (1) the Amended Complaint is untimely against both the BOP and the United States; (2) this Court lacks personal jurisdiction over BOP Defendants; (3) Plaintiff failed to exhaust his administrative remedies; and (4) BOP Defendants are entitled to qualified immunity. For the reasons expressed below, the Court will grant BOP Defendants' motion to dismiss.

---

[1] Mr. Lappin's name appears to be misspelled in the caption and by the parties.

[2] Plaintiff filed an initial Complaint (Docket No. 6) against two defendants: Judge Renee Cardwell Hughes and Dennis T. Kelly. Judge Felipe Restrepo dismissed the initial Complaint for failure to make out a cognizable claim. (Docket No. 4). Plaintiff filed an Amended Complaint (Docket No. 10) on November 23, 2015, which includes four additional defendants who are current or former employees of the Federal Bureau of Prisons. In its January 26, 2016 Order granting in part and denying in part Plaintiff's Rule 60 Motion (Docket No. 12), this Court explained that it saw no reason to reverse Judge Restrepo's dismissal of the action against Judge Cardwell and Mr. Kelly. Consequently, the Court accepted the November 23, 2015 Amended Complaint as to only the allegations against Mr. Cole, Ms. Walters, Mr. Lapin and Mr. Samuels.

1

**Background**

Mr. Paz is an inmate currently confined at the federal penitentiary in Tucson, Arizona for various federal and state crimes. Prior to and following his trial in Pennsylvania state court, he was confined in federal penitentiaries where he sought Pennsylvania state legal materials to no avail. In essence, Mr. Paz alleges that he was unconstitutionally denied access to the courts because he had not been provided with Pennsylvania state law materials while he was incarcerated. Mr. Paz further alleges that the delay in receiving state legal assistance rendered his post-conviction relief action untimely.

The Amended Complaint refers to three specific requests for law materials Mr. Paz made to prison Education Supervisors: one in 2004 while Mr. Paz was incarcerated at United States Penitentiary Big Sandy ("USP Big Sandy") in Kentucky, and two in 2008 while he was incarcerated at United States Penitentiary Lee ("USP Lee") in Virginia. At the times Mr. Paz made his requests, Ms. Walters and Mr. Cole served as Supervisors of Education at USP Big Sandy and USP Lee, respectively. Mr. Paz argues that Ms. Walters and Mr. Cole unconstitutionally denied him access to legal materials pursuant to a Federal Bureau of Prisons Policy Statement, which states that "[t]he Bureau is not mandated to provide state case law and other state legal materials." Federal Bureau of Prisons Policy Statement 1315.07, "Legal Activities, Inmate," Nov. 5, 1999. Mr. Paz further argues that Mr. Lapin and Mr. Samuels—former Directors of the Federal Bureau of Prisons—created the Policy Statement and, in doing so, violated his constitutional rights. He seeks $50,000 per year for the alleged constitutional violations and requests that this Court inform the Pennsylvania state court that failure to access state materials caused him to miss a deadline in his post-conviction relief efforts.

## Discussion

BOP Defendants advance four arguments for dismissal. First, the BOP Defendants argue that the action is untimely. Second, they urge that the Amended Complaint should be dismissed because Mr. Paz failed to exhaust administrative remedies. Third, the BOP Defendants argue that the Amended Complaint should be dismissed because this Court lacks personal jurisdiction. Finally, the BOP Defendants argue that they are entitled to qualified immunity. Each argument raised by the BOP Defendants is grounds for dismissal.

Mr. Paz's *Bivens* claim[3] is, indeed, untimely. In Pennsylvania, a plaintiff has two years to file a *Bivens* suit from the date "when the plaintiff knows, or has reason to know, of the injury that forms the basis of the action." *Wooden v. Eisner*, 143 F. App'x 493, 494 (3d Cir. 2005); *Sameric Corp. of Del. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998); *see* 42 Pa. Cons. Stat. § 5524. More than six years passed between Mr. Paz's December 2008 request for materials at USP Lee County and April 7, 2015, when he filed his initial complaint in district court. Mr. Paz urges that since his initial request to BOP officials, he has diligently sought state court materials. His stated diligence, while commendable, does not and cannot alter the applicable statute of limitations for actions in this court.

Dismissal is also proper because Mr. Paz has not exhausted administrative remedies available through the BOP. Exhaustion of administrative remedies is required under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), prior to filing suit. *Mitchell v. Horn*, 318 F.3d 523, 529 (3d Cir. 2003) ("Before filing suit, prisoners must exhaust their available administrative remedies."). BOP Defendants explain in their motion to dismiss that the BOP has a three-tiered system whereby federal a prisoner may seek review of any aspect of his imprisonment. *See* 28 C.F.R. §§ 542.10-542.19 (1997). Mr. Paz acknowledged in his Amended

---

[3] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

Complaint that while administrative remedies were available to him, he had not pursued them. Mr. Paz urges in his reply that he did not pursue administrative remedies because the pursuit would have been futile. Futility is not an exception to the PLRA exhaustion requirement, however. *Nyhuis v. Reno*, 204 F.3d 65, 71 (3d Cir. 2000) ("[Section] 1997e(a), as amended by the PLRA, completely precludes a futility exception to its mandatory exhaustion requirement."). Therefore, Mr. Paz was required to exhaust the administrative remedies available to him prior to filing suit, and his failure to do so is cause for dismissal.

Even if the action were timely and properly exhausted, this Court lacks personal jurisdiction over BOP Defendants. Mr. Paz's claims against federal officers are filed pursuant to 28 U.S.C. § 1331 in accordance with *Bivens*. *Bivens* suits are the federal analog to actions filed under 28 U.S.C. § 1983. *See Bistrian v. Levi*, 696 F.3d 352, 366 (3d Cir. 2012). Because *Bivens* actions are suits against federal officials in their individual—rather than official—capacities, personal jurisdiction over each defendant is necessary. *Zieper v. Reno*, 111 F. Supp. 2d 484, 491 (D.N.J. 2000).[4] Once a defendant has raised a defense of lack of personal jurisdiction, the plaintiff has the burden of showing facts sufficient to exercise personal jurisdiction. *See Mellon Bank (East) P.S.F.S. v. Farino*, 960 F.2d 1217, 1223 (3d Cir.1992). To establish personal jurisdiction, "the plaintiff must show that the defendant has purposefully directed its activities toward the residents of the forum state." *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998).

---

[4] Mr. Paz explains in his Motion to Clarify (Docket No. 17) that he intends to sue the BOP Defendants in their individual and official capacities. The BOP Defendants may not be sued in their official capacity, however, because "[a]n action against prison officials in their official capacities constitutes an action against the United States and *Bivens* claims against the United States are barred by sovereign immunity, absent an explicit waiver." *Webb v. Desan*, 250 F. App'x 468, 471 (3d Cir. 2007); *see also FDIC v. Meyer*, 510 U.S. 471, 483 (1994). There is no indication that the United States has waived sovereign immunity here.

Mr. Paz has not met this burden.[5] The complained of actions allegedly took place at USP Big Sandy in Kentucky, USP Lee in Virginia, or Washington, DC, where the Federal Bureau of Prisons is headquartered. Further, BOP Defendants submitted affidavits from each defendant demonstrating that none has purposefully availed him or herself of the law of Pennsylvania. Nothing in the Amended Complaint indicates that any allegedly unconstitutional actions took place in Pennsylvania or establishes a connection between the BOP Defendants and the State of Pennsylvania, and Mr. Paz did not submit any additional documentation supporting personal jurisdiction in his reply. Consequently, this Court does not have personal jurisdiction over BOP Defendants and the Amended Complaint must be dismissed.

Finally, qualified immunity applies. "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Bistrian*, 696 F.3d at 366 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)). And "government officials performing discretionary functions generally are shielded from liability for civil damages [by qualified immunity] insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* For a right to be clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Saucier v. Katz*, 533 U.S. 194, 201 (2001); *see also Bistrian*, 696 F.3d at 366 ("To overcome the assertion of qualified immunity at the motion to

---

[5] On June 8, 2016, Mr. Paz filed an "Ends of Justice Motion" (Docket No. 23), which seeks transfer, presumably under 28 U.S.C. § 1631, from this Court to a district court in Kentucky, Virginia, and/or Washington, D.C. in order to establish personal jurisdiction. Mr. Paz has not identified a specific jurisdiction where a district court would have personal jurisdiction over all BOP Defendants and, in any case, the actions are time-barred for the reasons explained above. Consequently, this Court does not find it in the interest of justice to transfer this action.

dismiss stage, a plaintiff must sufficiently plead not only a violation of a constitutional or statutory right, but also a violation of a clearly established one.").

Mr. Paz has not shown that the BOP Defendants violated a constitutional right of access to the courts. Although adequate law libraries are an established component of the constitutional right of access to the courts, *Bounds v. Smith*, 430 U.S. 817 (1977), an "adequate prison law library is but one of many acceptable ways to satisfy [an inmate]'s right to access the courts." *Diaz v. Holder*, 532 F. App'x 61, 63 (3d Cir. 2013); *see also Bounds*, 430 U.S. at 832 ("[A] legal access program need not include any particular element.").[6] Federal officials are not necessarily required to provide state legal materials to state prisoners held in federal custody. *Diaz*, 532 F. App'x at 63 ("The BOP policy statement to which [Plaintiff] has repeatedly referred indicates that state prisoners in BOP custody are to obtain any needed state-law materials from the state itself. This policy is acceptable."); *Brown v. Smith*, 580 F. Supp. 1576, 1578 (M.D. Pa. 1984) ("[F]ederal authorities are not responsible for providing state legal materials in federal penal institutions."); *see Corgain v. Miller*, 708 F.2d 1241, 1250–51 (7th Cir. 1983) (same).

Because Mr. Paz cannot demonstrate that the BOP Defendants violated a clearly established constitutional right, qualified immunity applies and they are shielded from damages.

\* \* \*

An Order consistent with this Memorandum follows.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge

---

[6] Indeed, the Third Circuit Court of Appeals has recognized that the *Bounds* standard is "inexplicably defined" and has granted qualified immunity for prison officials on that basis. *See Abdul-Akbar v. Watson*, 4 F.3d 195, 205 (3d Cir. 1993).